UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVSIION
CRIMINAL ACTION NO. 3:10-CR-00151

RONTEZ P. COLBERT                                                                                                Movant,

v.

UNITED STATES OF AMERICA                                                                                  Respondent.

## OPINION AND ORDER

This matter comes before the Court upon Rontez P. Colbert's *pro se* motion to alter or amend its earlier judgment pursuant to Federal Rule of Civil Procedure 59(e). (Docket No. 123.) Colbert requests that the Court modify its previous order adopting the Magistrate Judge's Report and Recommendation denying Colbert's motion to vacate pursuant to 28 U.S.C. § 2255. (*See* Docket No. 119.) Colbert presents two primary arguments in support of his motion. First, he contends that the Court improperly failed to entertain his "Motion for Leave to File Traverse to Answer to 2255 Motion," (Docket No. 117). Additionally, he submits that the Court did not comply with its obligation to provide the basis for its conclusion.

The Court first notes that to be timely, a motion to alter or amend under Rule 59(e) must be filed within twenty-eight days of the entry of judgment. Colbert dated his motion December 10, 2014, and it was received December 12, 2014. Therefore, the motion is untimely under Rule 59(e). The Court will therefore construe the motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review any newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) provides, in part:

1

> On motion and just terms, the court may relief a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reasons that justifies relief.

Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can only be granted upon a showing of exceptional circumstances. *McAplin v. Lexington 76 Auto Track Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116) (7th Cir. 1994)).

As Colbert does not raise an issue that falls under the first five bases for Rule 60(b) relief, the Court must determine whether his arguments otherwise justify this extraordinary remedy. However, a careful review of the record reveals that his arguments have been previously considered and rejected by the Court as well as Magistrate Judge Whalin. None of the allegations that Colbert submits in the instant motion persuades the Court that its prior decision was incorrectly rendered.

Colbert emphasizes that the Court issued its judgment without granting him leave to file a reply to the Government's response to his motion to vacate. However, he did not submit this request until October 16, 2014—well after the timeframe for timely submission of a reply to the Government's motion, which was filed on July 25, 2014. (*See* Docket No. 115.) Were the Court to afford Colbert the benefit of the doubt as to this lateness, given the delays associated with delivering mail to inmates, Colbert nonetheless neglected to object to Magistrate Judge Whalin's Findings of Fact, Conclusions of Law, and Recommendation. (Docket No. 116.)

At any rate, in the interest of ensuring an equitable outcome, the Court has reviewed Colbert's reply to the Government's response to his § 2255 motion. The Court remains convinced that its

confidence in Magistrate Judge Whalin's recommendation was sound. The Court first notes that although Colbert insists that he is entitled to an evidentiary hearing upon his Sixth Amendment claims, the Court agrees with Judge Whalin: "Because the face of the record shows without contradiction that Colbert's conclusory claims of ineffective assistance of counsel in plea bargaining are specious, no evidentiary hearing is required as there are no genuine issues of material fact to resolve." (Docket No. 116 at 12 (citations omitted)). The record demonstrates that Colbert's counsel urged him to accept the Government's plea offer rather than proceed to trial but that Colbert rejected this advice. (*See* Docket No. 113 at 2.) Colbert has provided no evidence that would indicate otherwise. Furthermore, the Court must reject Colbert's ongoing attempt to refute application of the Armed Career Criminal Act, 18 U.S.C. § 924(e), during his sentencing. As Judge Whalin noted, the Sixth Circuit rejected this very argument on direct appeal. The Court may not revisit the merits of this issue. *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) ("A § 2255 motion may not be used to re-litigate an issue that was raised on appeal absent highly exceptional circumstances."). Finally, the Court acknowledges Colbert's reliance upon *Descamps v. United States*, 133 S. Ct. 2276 (2013). But as Judge Whalin observed, our sister district court for the Eastern District of Kentucky has correctly stated that *Descamps* does not indicate that the Supreme Court intended for its ruling to be retroactively applied to cases on collateral review. *United States v. Patrick*, 2014 WL 2991857, at *2 (E.D. Ky. Jul. 2, 2014) (collecting cases).

Therefore, in accordance with the above discussion, the Court will DENY Colbert's motion to alter or amend its judgment, (Docket No. 123). The provisions of the Court's earlier order, (Docket No. 119), remain in effect.

```
cc: Counsel
    Plaintiff, pro se
```