UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:10-cr-151-TBR

**UNITED STATES OF AMERICA,**                          **PLAINTIFF**

**v.**

**RONTEZ P. COLBERT,**                                   **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendant Rontez P. Colbert's "Motion for Reconsideration Memorandum" ("Motion to Reconsider"), [DN 165], in which Defendant asks this Court to reconsider its denial of Defendant's prior motions seeking compassionate release. [DN 164]. The United States has not responded, and the Court, having reviewed the motion and the record, does not believe further briefing is necessary. For the reasons set forth herein, the Court will deny Defendant's Motion to Reconsider, [DN 165].

**I.  BACKGROUND**

A full recitation of the facts and procedural background of this case can be found in the Court's June 21, 2022 Memorandum Opinion and Order, [DN 165]. A condensed version is as follows:

On October 26, 2010, Defendant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [DN 1; DN 12]. The Indictment further alleged that Defendant violated the Armed Career Criminal Act, 18 U.S.C. § 924(e). [DN 12]. On September

1

27, 2011, the matter proceeded to trial, and a jury returned a guilty verdict. [DN 72]. Defendant was thereafter sentenced to 235 months (or approximately 19.5 years) in prison. [DN 87].

On February 12, 2021, Defendant filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1), relying primarily on his medical conditions and the ongoing COVID-19 pandemic. [DN 140]. He also cited to his efforts at rehabilitation and urged the Court to reduce his sentence under the First Step Act. [DN 156]. On December 7, 2021, the Court entered a Memorandum Opinion and Order denying Defendant's motion. [DN 157]. In that opinion, the Court first found that Defendant had exhausted his administrative remedies but had failed to demonstrate an extraordinary and compelling reason for release. *Id.* The Court also found that, even if extraordinary and compelling reasons existed, it would still deny compassionate release after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.*

Just a few weeks later, Defendant filed another motion seeking compassionate release under 18 U.S.C. § 3582(c)(1). [DN 158]. While that motion was essentially an untimely motion to reconsider, the Court nevertheless construed it as a second motion for compassionate release. In that motion, Defendant again cited to COVID-19 as a basis for relief, and specifically cited to an August 2021 and December 2021 outbreak at his facility. *Id.* Before the United States responded to that motion, Defendant filed another motion, this one seeking home incarceration and again citing the December 2021 outbreak. [DN 162].

The Court, after waiting for each of Defendant's related motions to fully ripen, denied each motion in its June 21, 2022 Memorandum Opinion and Order, [DN 164]. More specifically, the Court found that Defendant failed to demonstrate an extraordinary and compelling reason for release. *Id.* at 6–11. With respect to Defendant's COVID-related arguments, the Court turned to the two-factor test cited in *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021). Under that test,

2

the fear of contracting COVID-19 qualifies as an extraordinary and compelling reason for release "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, *4 (N.D. Ohio May 22, 2020)) (internal quotation marks omitted). The Court acknowledged that Defendant satisfied the first factor, but after reviewing the status of his facility, concluded that it was not suffering from a severe outbreak at that time (in June 2022) and as a result, the second factor was not satisfied. [DN 125, pp. 7–9]. The Court went on to consider Defendant's arguments related to the First Step Act and his rehabilitation, but ultimately concluded that no extraordinary and compelling reason existed. *Id.* at 9–11. The Court then considered the statutory factors and found that, even if an extraordinary and compelling reason existed, it would still deny Defendant's request for compassionate release. *Id.* at 11–14.

Defendant now asks the Court to reconsider its June 21, 2022 decision. [DN 165]. He argues that the Court's failure to rule during the midst of his cited COVID-19 outbreak (in December 2021) should constitute an extraordinary and compelling reason for release. *Id.* He further assumes that, had the Court ruled while the outbreaks were ongoing, it would have found the second *Elias* factor to be met and would have granted compassionate release. *Id.* For the reasons set forth below, the Court disagrees.

**II.    ANALYSIS**

As other courts in this circuit have explained, "[t]he Federal Rules of Criminal Procedure make no provision for a motion to reconsider, and courts adjudicating such motions in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Jarnigan*, 3:08-CR-

3

7, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008); *see also United States v. Abernathy*, 2009 WL 55011 (E.D. Mich. Jan. 7, 2009); *United States v. Titterington*, 2003 WL 23924932, at *1 (W.D. Tenn. May 22, 2003). "Such motions may be made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." *Jarnigan*, 2008 WL 5248172, at *2 (citing Fed. R. Civ. P. 59(e); *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" *Abernathy*, 2009 WL 55011, at *1 (citation omitted); *see also Electric Ins. Co. v. Freudenberg-Nok, Gen. P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."). Motions to alter or amend a judgment pursuant to Rule 59(e) "are extraordinary and sparingly granted." *Marshall v. Johnson*, 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. April 19, 2007).

In the present case, Defendant asks that the Court reconsider its prior decision because, according to Defendant, it would have ruled differently had it ruled on Defendant's motions immediately, during the December 2021 COVID-19 outbreak at the prison. In essence, then, Defendant seeks reconsideration because he believes "[i]t is necessary to . . . prevent manifest injustice." *Jarnigan*, 2008 WL 5248172, at *2 (citing Fed. R. Civ. P. 59(e)).

Defendant's Motion to Reconsider is based on a series of strained assumptions. First, Defendant assumes that the Court could have ruled on Defendant's motion immediately, when the cited outbreak was ongoing. Local rules, however, allow the respondent (here, the United

States) to file a response within twenty-one days of the date the motion was filed. *See* LR 7.1(c); LCrR 47.1(d). Then, the Court must generally wait an additional fourteen days for the movant to file a reply. *See* LR 7.1(c); LCrR 47.1(d). Thus, it typically takes over one month for a motion to fully ripen. Additional delays are not uncommon. For example, when one of the parties is a pro se prisoner litigant, it is this Court's practice to allow that party additional time to file a response or reply, given the not-uncommon delays in the prison postal service. Further, when the United States fails to respond—a circumstance beyond the Court's control—and the Court believes that a response would prove helpful or necessary, the Court will generally allow the United States additional time to respond. *See, e.g.*, [DN 160]. Clearly, then the Court could not have ruled on Defendant's motions as quickly as he may have preferred.

Defendant also assumes that, had the Court ruled on his motions immediately, the COVID-19 outbreak at his facility would have been both ongoing and severe. From this, Defendant assumes that the Court would have ruled that the second *Elias* factor was satisfied. However, the second *Elias* factor clearly contemplates a "severe" outbreak of COVID-19. *See Elias*, 984 F.3d at 520 (explaining that second factor may be satisfied where "the prison where the defendant is held has a severe COVID-19 outbreak"). Defendant has provided no proof that the numbers of infected prisoners and staff were high enough during the cited outbreaks to qualify as "severe." In fact, with respect to an August 2021 outbreak, he notes that only ten staff members tested positive. *See* [DN 158].

Defendant further assumes that, if the Court found that the second *Elias* factor was satisfied (and therefore, an extraordinary and compelling reason for release existed), it would have granted Defendant's request for compassionate release. However, the Court clearly explained in its June 21, 2022 Memorandum Opinion and Order that, *even if it found that an*

5

...
...

*extraordinary and compelling reason for release existed*, it would not have granted Defendant's request for compassionate release. [DN 164, pp. 12–14]. The Court reached this conclusion after careful consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), including the serious nature and circumstances of the underlying crime, Defendant's criminal history, and the length of Defendant's sentence still unserved. *Id.* Having considered these factors, the Court stated, "[E]ven if the Court found that extraordinary and compelling reasons for release existed, the Court must deny Defendant's motion under 18 U.S.C. § 3553(a)." *Id.* at 14. While Defendant attempts to reargue these points in his Motion to Reconsider (something that is inappropriate at this procedural stage), he has not presented new law or previously undiscoverable evidence that would warrant reconsideration of the § 3553(a) factors.

In sum, Defendant has failed to demonstrate that an intervening change of controlling law exists or that evidence not previously available has become available, such that the Court should reconsider its earlier analysis. Defendant has further failed to demonstrate that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *See Jarnigan*, 2008 WL 5248172, at *2 (citations omitted). The Court will therefore deny Defendant's Motion to Reconsider, [DN 165].

### III.  CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion to Reconsider, [**DN 165**] is **DENIED**.

*Thomas B. Russell* (signature)

**Thomas B. Russell, Senior Judge**
**United States District Court**

August 11, 2022

cc: Counsel of Record
    Defendant, pro se