UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                      Plaintiff

v.                                                                              Criminal Action No. 3:10-cr-151-RGJ

RONTEZ P. COLBERT                                                                            Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Rontez P. Colbert ("Defendant") moves a second time for reconsideration of the Court's denial of his second motion because of heightened health risk caused by the COVID-19 pandemic. [DE 167]. The United States has not responded, and the Court, having reviewed the motion and the record, does not believe further briefing is necessary. For the reasons below, Defendant's second motion to reconsider [DE 167] is **DENIED**.

**I.      BACKGROUND**

A full recitation of the facts and procedural background of this case can be found in the Court's June 21, 2022 Order [DE 164] and August 22, 2022 Order [DE 166]. A condensed version is as follows:

On October 26, 2010, Defendant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [DE 1; DE 12]. The Indictment further alleged that Defendant violated the Armed Career Criminal Act, 18 U.S.C. § 924(e). [DE 12]. On September 27, 2011, the matter proceeded to trial, and a jury returned a guilty verdict. [DE 72]. Defendant was thereafter sentenced to 235 months (or approximately 19.5 years) in prison. [DE 87].

On February 12, 2021, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1), based on his medical conditions and the ongoing COVID-19 pandemic. [DE 140].

The Court denied Defendant's motion for compassionate release on December 7, 2021. [DE 157]. The Court found that Defendant had failed to demonstrate an extraordinary and compelling reason for release, and even if such a reason existed, it would still deny compassionate release after consideration of the sentencing factors. [*Id.*]. Defendant filed another motion for compassionate release a few weeks later. [DE 158]. Defendant also filed a motion seeking home incarceration. [DE 162]. The Court denied Defendant's motion on June 21, 2022. [DE 164]. On July 7, 2022, Defendant filed a motion asking the Court to reconsider its July 21 Order. [DE 165]. The Court, without a response from the United States, denied Defendant's motion for reconsideration. [DE 166]. Defendant, again, moves the Court to reconsider its order denying compassionate release. [DE 167].

## II.   STANDARD

The Federal Rules of Criminal Procedure do not provide for a motion to reconsider, and thus federal courts typically decide motions for reconsideration under the standards provided by Federal Rules of Civil Procedure 59(e) and 60(b). *See United States v. Moon*, 527 F. App'x 474 (6th Cir. 2013). Rule 59(e) allows the Court to alter a previous decision based on "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). Federal Rule of Civil Procedure 60(b) allows relief from a judgment where the movant demonstrates: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; stems from an earlier judgment that has been reversed

or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Because Defendant is not represented by an attorney, his motion is reviewed under a more lenient standard. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985).

### III. ANALYSIS

Defendant raises most of the same arguments he raised on his previous motion. [DE 165; DE 167]. For the reasons below, Defendant has not raised clear error in the previous denial of his motion for compassionate release and raises no other new evidence, mistake, or issue that would warrant compassionate release and his motion will be denied.

This Court previously engaged in a full three-step analysis as to whether to reduce Defendant's term of imprisonment pursuant to Section 3582(c)(1)(A) under *United States v. Jones*, 2020 WL 6817488. [DE 164]. First, the Court found that Defendant failed to demonstrate extraordinary and compelling reasons to warrant a sentence reduction and failed to fulfill the requirements of §3582(c)(1)(A)(ii). *Jones*, 2020 WL 6817488, at *6, n. 12. Second, the Court determined that a reduction in sentence would not be consistent with applicable Sentencing Commission policy statements. *Id.* Third, the Court considered any applicable Section 3553(a) factors and determined the reduction was not warranted under the circumstances of Defendant's case. *Id.* In his current motion, Defendant puts forward no new medical records or basis that would change the Court's previous conclusion on these factors. [DE 167]. Instead, Defendant uses his motion to complain about the local rules and accuse the Court of not accepting the severity of the COVID-19 pandemic. [*Id.*].

As the Court has previously explained, the local rules provide definite timelines for parties to respond and reply to motions once they have been filed. [DE 166 at 1128–29]. Moreover, it is

this Court's practice to routinely grant motions to allow parties additional time to file a response or reply. [*Id.* at 1129]. Notwithstanding Defendant's complaints, the Court explained that it would not have granted Defendant's motion for compassionate release even if it was ruled on immediately after filing. [*Id.*]. The August 2021 outbreak of COVID-19 in Defendant's facility was not considered severe. [*Id.*]. The Defendant even acknowledged that only 10 staff members had tested positive. [DE 158 at 1073]. Accordingly, the periods allowed for responses under the local rules and the Court's orders had no bearing on Defendant's motion for compassionate release.

The Court takes the COVID-19 pandemic seriously, and the Federal Bureau of Prisons constantly reviews the status COVID-19 in each facility. As of this order, there is only one positive inmate case and zero positive staff at the facility where Defendant is housed. https://www.bop.gov/coronavirus/ (last visited November 8, 2022). This is hardly an outbreak and no more dangerous than the current situation in the general population.

It is well established that a "motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Saltmarshall v. VHS Child.'s Hosp. of Michigan, Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019) citing *e.g., Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("Thus, parties should not use [motions to reconsider] to raise arguments which could, and should, have been made before judgment issued."). Because Defendant is merely rehashing previously rejected arguments, his motion is denied.

### IV. CONCLUSION

As this is the Court's fourth consideration of this request, Defendant is warned that he should not refile unless there is a specific change in the law or substantial reason for reconsideration. *See United States v. Guzman*, No. 5:16-cr-41-JMH-EBA, 2019 WL 4418015, at

4

*2 (E.D. Ky. Sept. 9, 2019). For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant's Motion for Reconsideration [DE 167] is **DENIED.**

*Rebecca Grady Jennings, District Judge*
*United States District Court*

November 9, 2022

cc: Rontez P. Colbert
Gilmer Federal Correctional Institution
Inmate Mail/Parcels
P.O. BOX 6000
Glenville, WV 26351