UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                    Plaintiff

v.                                                              Criminal Action No. 3:10-cr-151-RGJ

RONTEZ P. COLBERT                                                           Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Rontez P. Colbert ("Defendant" or "Colbert") files an "Emergency Motion For Compassionate Release/Sentence Reduction" "pursuant to 18 U.S.C. §3583(e)(2)." [DE 179]. This is Colbert's third request for compassionate release (not including several requests for reconsideration of an orders denying compassionate release) and Defendant has been warned against the repeated filing of motions absent a change in law or circumstance. [DE 172]. The United States responded [DE 183] and Colbert replied [DE 184]. For the reasons below, Colbert's Motion is **DENIED.**

    **I.**    **BACKGROUND**

On October 26, 2010, Defendant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [DE 1; DE 12]. The Indictment further alleged that Defendant violated the Armed Career Criminal Act, 18 U.S.C. § 924(e). [DE 12]. On September 27, 2011, the matter proceeded to trial, and a jury returned a guilty verdict. [DE 72]. Defendant was thereafter sentenced to 235 months (or approximately 19.5 years) in prison. [DE 87].

On February 12, 2021, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1). [DE 140]. The Court denied Defendant's motion for compassionate release on December 7, 2021. [DE 157]. The Court found that Defendant had failed to demonstrate an

extraordinary and compelling reason for release, and even if such a reason existed, it would still deny compassionate release after consideration of the sentencing factors. [*Id.*]. Defendant filed another motion for compassionate release a few weeks later. [DE 158]. Defendant also filed a motion seeking home incarceration. [DE 162]. The Court denied Defendant's motion on June 21, 2022. [DE 164]. On July 7, 2022, Defendant filed a motion asking the Court to reconsider its July 21 Order. [DE 165]. The Court, without a response from the United States, denied Defendant's motion for reconsideration. [DE 166]. On August 22, 2022, Defendant, again, moved the Court to reconsider its order denying compassionate release. [DE 167]. The Court denied the motion and warned that Colbert should not refile unless there was a change in law or circumstances. [DE 170]. A few days later, and against the Court's order, Colbert filed yet a third motion to reconsider. [DE 171]. Again, the Court denied the motion. [DE 172].

Days later, on December 29, 2022, Colbert appealed this Court's denial of compassionate release to the Sixth Circuit. [DE 173]. The Sixth Circuit affirmed the District Court and dismissed Colbert appeal on June 22, 2023. [DE 176; DE 177]. No further appeals for review were initiated and mandate was issued July 17, 2023. [DE 178]. Eight months later Colbert is again asking this Court for compassionate release. [DE 179].

## II.   ANALYSIS

### A. Motion for Compassionate Release and Sentence Reduction [DE 179].

As an initial matter, Colbert's latest motion for compassionate release is states that it is brought "pursuant 18 U.S.C. 3583(e)(2)" [DE 179 at 1166], which states:

2

> **(e)Modification of Conditions or Revocation.**—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
> **\*\*\***
> **(2)** extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

18 U.S.C. 3583(e)(2). While this relates to supervised release, it does not relate to compassionate release and is not grounds for Colbert's request for a sentence of time served. And while Colbert notes in his motion that "[i]f the Court reduces a defendant's sentence under 18 USC 3582(c)(1)(A) to time served it can impose a term of supervised release equal to the unserved time and order as a condition of supervised release that the defendant be confined to his home," he provides no substantial authority for release in the first place.

Moreover, Colbert does not make clear whether he is asking this Court to consider a new motion for compassionate release or reconsider his previous motion. Many of his arguments in this motion resemble those in the previous one. *Compare* [DE 140 and DE 157, *with* 2 DE 179]. And the records attached to this new motion reflected no further filings or compassionate-release requests since his initial submission to the Bureau of Prisons. [DE 183 at 1175]. To the extent the motion is best construed as a request for reconsideration, that request would fail given the lack of any new information or argument that would refute the Court's previous rejection of Colbert's numerous compassionate-release motions. *See United States v. Colbert*, No. 3:10-cr-151, 2022 WL 3329282, at \*2 (W.D. Ky. Aug. 11, 2022) (district courts typically examine motions for reconsideration "under the same standards applicable to a civil motion to alter or amend judgment" under Fed. R. Civ. P. 59(e)); *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (defendant must clearly identify one of four factors to justify relief under Rule 59(e) analysis).

The motion cites *United States v. McCall*, 20 F.4th 1108 (6th Cir. 2021) and other cases[1] in support of his statement that "a court abuses its discretion when it fails to consider whether the combination of the COVID-19 pandemic, rehabilitation efforts and a nonretroactive change in sentencing law constitute extraordinary and compelling circumstances warranting a prisoner compassionate release," but Colbert provides no other specific grounds on which Colbert requests compassionate release. [DE 179 at 1166-67]. Moreover, all the stated reasons have already been considered and rejected by the Court in prior orders stemming all the way back to Colbert's very first motion for compassionate release. [DE 157 at 1066 ("The Court therefore cannot find that Defendant's medical condition and the ongoing pandemic qualify as extraordinary and compelling reasons for his compassionate release." (citation omitted)); at 1066-68 ("Defendant argues that his prior convictions would no longer qualify as 'serious drug felonies,' thereby creating a sentencing disparity between the sentence he actually received in 2011 and the sentence he would receive if sentenced today."… "[t]he Court concludes that the weight of Sixth Circuit authority supports the *Hunter* decision, and as such, the Court will follow that approach. As a result, Defendant's sentencing disparity cannot be considered—either by itself or together with other factors—as an extraordinary and compelling reason for compassionate release."); at 1068 ("'rehabilitation is specifically excluded as an independent basis for compassionate release.' In other words, there must be some other basis for finding that extraordinary and compelling reasons exist before the Court can consider Defendant's rehabilitation as a factor." (citations omitted))]. There is no change in the law or facts that warrant a different finding by the Court. And defendant has been

---

[1] Only one case cited by Colbert is decided after the 2023 Amendments to the Sentencing Guidelines, so it does not appear from the text of his motion [DE 179] that he is referencing changes to the law made since his last motion for compassionate release except for possibly the "extraordinary long sentence" amendment. But, yet, even with that citation his argument reverts to ones made regarding the predicate offences for armed career criminal enhancement which was previously addressed by this court.

4

warned from filing further motions without a substantial change in law or circumstances. *See United States v. Guzman*, No. 5:16-cr-41-JMH-EBA, 2019 WL 4418015, at *2 (E.D. Ky. Sept. 9, 2019). Continuing to reassert these arguments to the Court will not result in any different outcome.

To the extent the motion is best construed as an entirely new motion for compassionate release, the request would meet the same fate as he has failed to exhaust administrative remedies prior to filing his motion and the government has objected.[2] An inmate may seek compassionate release by the district court only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc) (describing statutory changes to exhaustion process). This exhaustion requirement is waivable, not jurisdictional—but becomes "mandatory" if the Government invokes it. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Taylor,* No. 20-3642, 2020 WL 7383648, at *1 (6th Cir. Nov. 9, 2020). It is the defendant's burden to show that he has exhausted his administrative remedies. *United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020); *United States v. Smith*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024).

On May 15, 2024, the United States responded to Colbert's motion noting that he had previously filed two other separate requests for compassionate release (not counting the multiple requests for reconsideration of denials of those requests) and that this is his third separate motion. [DE 183 at 1175]. Yet, as of the filing of the United States brief, the BOP had "a record of only

---

[2] The Court notes that even in his reply brief Colbert appears to admit that he is merely "re-addressing" arguments that were previously denied. [DE 174 at 1178 (asserting that his email to the warden "gives me the righ[t] to re-address this courts[sic] denial pertaining my compassionate release motion/sentencing reduction.")]. As a result, it is questionable whether this could be considered as a new motion.

5

one compassionate release request by Colbert, which was rejected by the warden in December 2020." [*Id.*]. The government then asserted that Colbert had failed to exhaust administrative remedies.

A little over 30 days later, and beyond the time for filing a reply, Colbert filed a reply brief asserting that he had exhausted administrative remedies. [DE 184]. In his reply Colbert states that "I 'Rontez Colbert' exhausted my administrative remedy by electronically asking the warden 'Mr. Brown' to file a compassionate release/sentencing reduction on my behalf '5.25.24.'" [DE 184 at 1178]. He attaches what appears to be a printout of an email to Mr. Brown from May 25, 2024, written ten days after the United States submitted its response brief. [DE 184 at 1180]. In the email, Colbert asserts three grounds for extraordinary and compelling circumstances and requests the warden file a motion on his behalf for compassionate release. [*Id.*]. First, "the lengthy sentence I have served 14 off a 20 year sentence. The new amendment states any inmate with a lengthy sentence who has served over 10 years can use this as extraordinary and compelling reasons along with other reasons to file a compassionate release motion." [*Id.*]. Second, he asserts "rehabilitation I have not had a disciplinary write up in 6 years and I have not lost any good time." [*Id.*]. As a third ground, he asserts that "the New Amendment to the sentencing guideline which were not in effect when i[sic] got sentenced if i[sic] got sentenced today my predicate offence would not make me eligible for the ACCA." [*Id.*]. Colbert then states in his motion "[d]oing this process I was firmly instructed to do 'Mr. Brown,' the warden never responded to my request which now exceeds the 30 day timeline. Now this gives me the gives me the righ[t] to re-address this courts[sic] denial pertaining my compassionate release motion/sentencing reduction." [*Id.* at 1178].

First, exhaustion is required to be completed and the warden given an opportunity to respond **before** asserting the motion for compassionate release, not after. 18 U.S.C.

§ 3582(c)(1)(A). Second, courts in this Circuit have previously indicated that an informal email does not satisfy the requirement where there is no proof that the Warden never received the inmate's request for compassionate release. *United States v. Smith*, No. 6:13-CR-34-KKC, 2024 WL 3566697, at *1 (E.D. Ky. July 29, 2024) (slip opinion); *United States v. Moberly*, No. 5:19-136-DCR, 2022 WL 2232140, at *2 (E.D. Ky. June 21, 2022). And, other district courts in this Circuit, have indicated that a defendant does not satisfy this requirement when: (1) they do not provide any evidence that the Warden received their request; and (2) the request does not comply with the requirements for submitting a request for compassionate release under 28 C.F.R. § 571.61 by not including proposed release plans. *United States v. Silcox*, No. 3:17-CR-134-TAV, 2020 WL 4341758, at *1 (E.D. Tenn. July 28, 2020); *see also United States v. Marshall,* No. 3:04-CR-186, 2024 WL 3580645, at *3 (S.D. Ohio July 29, 2024) (slip opinion) ("Defendant had an affirmative duty to corroborate his contention that he exhausted, but he never did."); *United States v. Whitworth*, No. 1:23-CR-561-4, 2023 WL 8190131, at *1 (N.D. Ohio Nov. 27, 2023) (slip opinion) ("In addition to describing extraordinary and compelling circumstances warranting consideration, these requests must include proposed plans for residency, employment, medical care information, and payment for any medical treatment post-release.").

Here, Colbert has not provided any evidence that the Warden received his request for compassionate release. Further, he does not include any proposed release plans in his request to the warden. The Court finds that this email alone does not meet the defendant's burden in showing that he exhausted all his administrative remedies. Yet, even if the Court were to excuse the late filing to the warden or lack of proposed release plans and evidence of receipt by the warden to find that Colbert satisfied these exhaustion requirements, his arguments still fail on the merits for the reasons set forth in the previous denials.

### III. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** Defendant's Motion for compassionate release/sentencing reduction, [DE 179] is **DENIED**. Again, Defendant is warned not to refile absent a change in the law or facts warranting reconsideration. *See United States v. Guzman*, No. 5:16-cr-41-JMH-EBA, 2019 WL 4418015, at *2 (E.D. Ky. Sept. 9, 2019).

Rebecca Grady Jennings, District Judge
United States District Court

August 16, 2024

Cc: Defendant, pro se

8